The opinion of the Court was delivered by
O’Neall, J.
The case of Rogers vs. Horn, 6 Rich. 369, does not conclude this case, for that case proceeded upon the ground, that in the sale of land made by a Commissioner in Equity, for partition, there was no warranty, and that to the bond given for the purchase-money, an outstanding incumbrance, such as dower, which had been set up and recovered *517 against the purchaser, could not be set off as a discount, or. allowed as a failure of consideration. For there is á material distinction between real and personal estate as to the warranty. In real estate, the warranty rests in deed: in personal estate it may be by parol, or by implication. This distinction is enough for my present purpose, but I may be permitted, I trust, to say, that I regret the decision in Rogers vs. Horn. For unquestionably from Gray vs. Handkinson, 1 Bay, 278, such defences have been allowed. In the early cases, it was allowed even upon the mistaken notion, that the doctrine, “ a sound price warrants a sound commodity,” applied to land, and afterwards, as a failure or want of consideration. The very distinction undertaken to be maintained in Rogers vs. Horn, to wit., that misrepresentation was necessary to be shown, in order to let in the defence, would have been sufficient for that case. For in all the cases, where misrepresentation is alluded to, it is not pretended that a wilful misrepresentation was necessary. It was enough, if the land sold did not turn out to be what it appeared to be in quantity, title or purpose. As in Richardson vs. Pearson, the land was sold for partition, between Delilah Perry, a lunatic, and the executors of Aaron Cates : it was purchased at the Commissioner’s sale by Eobert E. Pearson. The defect in the title of the lunatic was not known at the time of the sale or for years after: the defendant was in possession, had paid a large part of the purchase-money, and yet the defect in the title being made apparent, the Court held it was allowable as failure of consideration, and thereby the whole contract was rescinded.
Having referred thus to Rogers vs. Horn, more for the purpose of expressing now, (what I would have done if I had been present at its decision,) my dissent from its reasoning and conclusion, I proceed to consider the case before us. >
The jury have found that the woman sold by the Commissioner for partition was unsound: and have allowed the defendant a discount, or rather have deducted from the *518 ■purchase-money secured by the bond in suit, two hundred and fifty dollars, on account of such unsoundness.
The question is, whether the judge'below was right in telling the jury, that if the unsoundness at the sale was established, they might abate the price according to it ?
For more than forty years, that I have been concerned in the administration of justice, as a lawyer and judge, I have never doubted, that such was the law of South Carolina. Beyond all doubt, it is true, that in compulsory sales made by operation of law, the rule caveat emptor applies. But if a sheriff sells, as the agent of another, I do not perceive why his public character should protect his principal. I am, however, anticipating, what will more properly arise in another part of this opinion.
The question which I propose first to discuss, is, how is a defence of thiá! kind against the payment of the purchase-money regarded ? is it regarded as a cross-action predicated of, or necessarily resting on a cause of action, or is it, as a failure of consideration ?
All of our cases, when properly examined, consider it in this last point of view, suggested by the question.
Gray vs. Handkinson, 1 Bay, 278, was an action to recover the purchase-money of a tract of land. The defence was, that there was a mill seat on the land purchased, which was covered by an elder grant, and therefore the purchaser’s title so far failed. The Court held, that whether the vendor knew or not of the defect, the defence was admissible as an equitable one; that if the defect operated to defeat the purpose for which the land was bought it would rescind the whole contract; and if it did not, then the party retaining the land was to be compensated for his loss by deducting from the purchase-money, as much as it (the loss) was worth. It will be observed, that that case adopted, and carried into the defence of a law case, a well known and a constantly practised principle of equity, that on an application for specific performance, the contract *519 would be altogether rescinded, or compensation be made-according to the nature of the defect relied on, as a defence. This was recognized by Judge Johnson, when, in Brickell vs. Means, 2 Hill, 657, he referred to Caldwell vs. Briggs, decided in the Court of Equity, to show that a mistaken representation (not wilful) of the quantity of woodland on a tract sold was a ground for compensation, and that the same would be a good defence at law.
The State vs. Gaillard, 2 Bay, 11, it seems to me put the defence on the same ground, although it is true, in that case, Judge Burke spoke of the rule, that a sound price warranted a sound commodity, as also applying to it.
The case there, it will be remembered, was on a bond given to the Commissioners of confiscated estates for a tract of land sold by them. A plat presented at the sale represented a fine stream of water running through the land with a mill-seat on it. The mill-seat was the great object of the purchase; it turned out that there was no such stream, but it was not pretended that the Commissioners knew anything about it, or were guilty of any wilful misrepresentation. There was no warranty in their deed. Yet the defence was allowed. How ? It is plain it was not on the ground of fraudj for there is no fraud where the vendor no more than the vendee, knows nothing about the thing sold. It was on the ground that the thing sold, the land, was not in' point of fact such as it appeared to be at the sale. This it is manifest was mere failure or want of consideration, and no more. For the State was not liable to an action on any warranty, express or implied, and it could not therefore be set up as a discount, if considered as a cross-action.
Without reasoning further from the case, I appeal to the words of the Judge who pronounced the judgment. Judge Bay tells us that Burke, J., who delivered the judgment, said, “ that a sound price warranted a sound commodity — and whenever there is a failure of consideration, a misrepresenta *520 tion, or concealment of material circumstances, it vitiates the contract in toto, or entitles the party to such a reasonable abatement, in the price of the thing sold, or demanded, as would make him full reparation for any injury sustained by reason of such unsoundness, failure, misrepresentation or concealment, according to the nature and circumstances of such case.”
In that case, we are further told by the venerable reporter, that Judge Burke adopted the civil law, that “ when the defects of a thing sold were unknown to the seller he shall be bound not only to take it back- but to indemnify the purchaser or buyer as to all the charges the sale has put him to.”
In Eastland vs. Longshore, (reported as Longshorn,) 1 N. & McC. 194, Judge Johnson, as far back as 1818, in speaking of the rule which let in a defence of unsoundness against a bond or note given for the purchase of property under a sale made by authority of law, as in sales by sheriffs, executors or administrators, said that, “ the rule is predicated on a failure or want of consideration rather than fraud or deceit.” He put persons thus selling on the footing of a private agent, who “if he is guilty of no fraud, or deceit, and has paid the proceeds of a contract, the consideration of which has failed, over to his principal without notice, he is clearly not responsible.” These principles have been ever since recognised, and innumerable cases of sales made by executors and administrators have been decided, in conformity thereto. The sales made by sheriffs, of which he here spoke, were sales, where the sheriff sold for partition, or in some other way, as the agent of parties, and took therefor bonds or notes to be paid at a future day.
Barkley vs. Barkley, Harp. 441-2, is an illustration of the principle in the case of a sale made by a sheriff. There the sheriff sold.a tract of land, as containing four hundred acres, for partition. The sale was by the acre: and a bond was given for the purchase money. Fifty-five acres of the land were cut off by' older grants. This was relied upon, as a de *521 fence. The plaintiff resisted it upon the ground, that there was no warranty, at a sheriff’s sale. The defence was allowed, and on appeal, the Constitutional Court held, that the decision below was right. Judge Eichardson, who. delivered the unanimous opinion of the Court, said, “ The sheriff sold, as the mere agent of the parties concerned in the distribution of the estate, and the purchaser stood upon the footing of other purchasers in general, and not in the situation of a purchaser at sheriff’s sale. In this instance, the sheriff sold the land for the distributees without' knowledge of the premises, as an auctioneer, or other agent would have done: and the purchaser has the same rights as he would have had in purchasing directly from the heirs at law.” In that case it is perfectly plain, that there was neither warranty nor intentional misrepresentation. Indeed there was no misrepresentation, for the tract did contain four hundred acres, and it was only by outstanding, unknown, paramount title that a less quantity was produced. There was no other ground of defence than failure or want of consideration, in that the purchaser did not get what he expected to get. In other words he would in equity have been entitled to compensation for his loss, and- that, at law he obtained under the defence of failure or want of consideration.
In the Commissioners of Roads vs. Macon & Foot, 2 Brev. 105, the action was by sum. pro. on a note for the price of a mare sold as an estray ; the defence was unsoundness ; this was proved and allowed on the circuit, and on appeal, that- great Judge, Wilds, (whose early death was so much lamented in this State,) said, in overruling the appeal, that the “ plaintiffs, acting as public officers, were not bound to warrant property sold by them, or be answerable for any defects, or deficiencies, in the subject of sale ; and although the defendants might be without relief, in case the note had passed into the hands of an innocent indorsee for valuable consideration, yet circumstanced as this case is, the defendants are entitled on principles of law and equity to claim relief from payment of the money to the per *522 sons who sold the unsound property, and who claim the money as trustees for the public. There can le no good reason why he should he compelled to pay it, if the consideration for which he promised to pay it has failed.”
Those cases conclusively show, that a defect in the land or personal property sold, may be given in evidence as a defence to the action brought for the recovery of the purchase money, on the ground of a want or failure of consideration. This being so, there is no difficulty in the proposition, which I next propose to discuss, to wit: that such defence' is admissible in all cases, where the sale is made by operation of law, (except under compulsory process, or sales under executions,) and where the purchase money is secured by bond or note. For there is no necessity in making such a defence to cast about, and inquire, was there any warranty ? The single inquiry is, was the property sold such as it appeared to be, or such as the seller permitted buyers to believe it was by his silence, or by failing to put them on their guard, as by refusing to warrant. This makes the whole body of law harmonious. The vendor is not personally liable, and the case of Evans vs. Deny, 2 Speers, 9, was properly decided. So, too, was the case of Prescott vs. Holmes, 7 Rich. Eq. 9. Indeed, in that case my brother Dunkin, with his usual caution, took care to reserve expressly the class of cases to which this decision applies.
Independent of the conclusion drawn from decided cases, it seems to me the same result ought to follow from right reason, which is nothing else than justice. Parties go into the Court of Equity and tell that Court they have a common piece of property which they cannot divide and ask the aid of that Court to divide it for them: it is found that it cannot be actually divided but must be sold. It is ordered to be sold by the officer of the Court. For what purpose ? To put the proceeds in the pockets of the. distributees. If it turns out that that piece of property is not what it appears to be from want of title, or unsoundness, is it right to permit the parties to *523 pocket the proceeds of a sale made under the belief that the title was good or the property sound ? What difference is there between such a sale and one made by themselves ? None whatever. The Commissioner is their agent. He sells their title, legally supposed to be good, and their property for what it appears to be, sound. Are they to shelter themselves under the cover of a public officer when he sues for them, and at their instance, to collect their money ? I think not.
The motion is dismissed.
Johnston, Dunkin, Dar&an and Wardlaw, CC., and Whitner, J., concurred.